UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELINDA PRICE-BEDI,** **MOTHER OF DECEASED SCOTT SALVATORE GARCIE** | **CIVIL ACTION** |
| VERSUS | NUMBER: 20-3407 |
| **PORSCHE CAR NORTH AMERICA, INV., ET AL** | SECTION: "I" (1) |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Melinda Price -Bedi, removed the above-captioned matter to this Court on December 15, 2020. She has named the following defendants: Porsche Car North America, Inv., Financial Indemnity Company, Millet Agency Inc., Department of Transportation and Development, State of Louisiana. She originally filed this lawsuit in Louisiana state court on June 12, 2019, seeking damages arising out of a car accident that resulted in the death of her son, Scott Salvatore Garcie. She alleged that she was a resident of St. Charles Parish, temporarily domiciled in Orleans Parish, Louisiana and used a P.O. Box in Luling, Louisiana as her address. The state court pleadings that plaintiff filed into this record on January 27, 2021, reveal that at least two of the defendants had appeared in the state court litigation and at the time of removal, two peremptory exceptions of no cause of action, two declinatory exceptions of insufficiency of service/citation, and a motion to dismiss were pending before the state court.

This Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, the court must determine whether plaintiff's complaint satisfies the requirements of the federal *in forma pauperis* statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack*

1

*merit on their face.* See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989)

Furthermore, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

As noted, the plaintiff has removed this action from the 24th Judicial District Court for the Parish of Jefferson. She asserts that this court has diversity jurisdiction over her claim. In response to this Court's order that she show cause why her lawsuit should not be remanded, she asserts that she "has been a citizen/resident in the State of Mississippi." She asserts that "on or about December 15, 2020 she filed as the citizen of a state different of all the defendants." And she adds that when she filed her application to proceed in forma pauperis on December 15, 2020, she cited her two employers, both located in Mississippi.

As an initial matter, removal based on diversity of citizenship is accomplished via 28 U.S.C. §1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). "[A]ll defendants who are properly joined and served must join in the removal petition." Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988). It is clear, then, that a defendant, and not a plaintiff, may remove an action. There is no evidence here that any, let alone all of the defendants here have consented to removal. Price-Bedi's attempt to remove a state court action in which she is the plaintiff is procedurally improper. For this reason alone, this action must be remanded.

Additionally, to remove a case solely on the basis of the court's diversity jurisdiction, the complaint must satisfy the requirements of 28 U.S.C. § 1332. Price-Bedi's complaint cannot do so. In order for a federal court to exercise diversity jurisdiction under 28 U.S.C. § 1332, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). "[D]iversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991). And "[i]n cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996). Price-Bedi's petition alleges that she is a resident of St. Charles Parish, Louisiana temporarily residing in Orleans Parish, Louisiana. While she may now reside in Mississippi, this court's diversity jurisdiction can only be invoked if diversity was also complete at the time the lawsuit was filed. Because one of the defendants, the Department of Transportation and Development, State of

Louisiana is a Louisiana resident, diversity was not complete at the time of filing. This Court cannot assert diversity jurisdiction over the matter.

### Conclusion

For the foregoing reasons, plaintiff's complaint fails to establish this Court's subject-matter jurisdiction and has not satisfied the requirements for removal under §1441. Accordingly, IT IS RECOMMENDED that this lawsuit be REMANDED to Louisiana state court.

### **NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this   10th   day of February, 2021.

_____<br>
Janis van Meerveld<br>
United States Magistrate Judge